Mr. Blankenship, Cargill Incorporated at all v. Interstate Mat Corporation Mr. Blankenship, good afternoon.  May I reserve five minutes for rebuttal? You may. Thank you. This court should reverse the district court because it misapplied the court's decision in Bosch v. Ground Round. Bosch is a case that forbids the stacking of successive class actions after class certification is denied in a case as a means of trying to keep the statute of limitations told from running. In Sawyer v. Atlas, the Seventh Circuit described a uniform federal practice of anti-stacking rather than anti-tolling and discussed the Bosch case there. Here, plaintiffs did not stack this class action on top of a failed class action. Rather, they filed this on a timely basis using tolling from the Massachusetts State Court case. And then the district court here was the first court to rule on class certification and the judge certified a multi-state class of approximately 8,000 persons who had received these illegal fax advertisements. After that, the state court judge, knowing that the district court had already certified a class, denied certification of a Massachusetts residence class. So about 1,000 Massachusetts residents were in the class certified here. The judge in state court denied certification of that class, but they'd already been certified. And in her opinion, she notes that the cases basically were running parallel with the same attorneys on both sides and had shared discovery. The denial of a Massachusetts residence class in the state court case should not have affected this case at all because the class was already certified. Let me ask you a procedural question. As I understand it, the defendant moved for summary judgment against the entire class and the named plaintiff based on the statute of limitations. The court then set a deadline for you to respond to that motion. You didn't respond to it, and the court then dismissed it. So you then filed a Rule 60B, I believe, motion in which you argued, as I understand it, that the court shouldn't have dismissed it as to the named plaintiff. So how do you even raise on appeal now the question of whether the summary judgment should have been entered since you didn't file any opposition before the district court ruled? Yes, Your Honor. As we request in our brief, we're asking that this court not find a default or a waiver because the district court ruled on the merits of the argument, and we're asking for this court to do the same. The failure to file a brief was inadvertent, but the arguments are just of an interpretation of this court's opinion. All the facts and law were in front of the district court. We're not adding anything new that she didn't have. The judge let the defendants file a motion for summary judgment after the deadline, and then we blew the deadline to respond. So you seem to be saying, if I understand you correctly, that any time a district court makes a ruling of law, that neither of the parties needs say anything and can have it reviewed de novo. I think that this court's case law supports that exception in some cases, and it would be a case like this one where it's an issue of law where we didn't file a brief, for example, and leave out points that we were trying to, you know, there's no ambush here. There's not really any prejudice to them. The same things that we're arguing are things that would be raised from reading the case without an argument from us. What's your best case for this standard review? In other words, that we would review this just as if you had not responded below? I think that would be the Montalvo case that we cited. To correct a point that you made in your question, however, the district judge didn't grant summary judgment against the certified class. She granted summary judgment against the main plaintiffs because she denied, the first part of the ruling is that she denies our request to approve the class notice and notify the class. So she essentially decertified the class? Yeah, maybe. I don't think we realized that at the time, but when she denies our request to send notice, she's basically saying she's not going to rule on the merits of the class because she can't, because Rule 23 is not going to allow that. And that's better for the class than if she, in other words, she did give a break to the class. She didn't enter summary judgment against the class. She, by not sending out the notice, effectively decertified the class, which means all class members' claims to the extent they can get individual tolling still exist. Well, not really, because she shouldn't have granted summary judgment on the statute of limitations grounds. So maybe she helped us out by decertifying the class in effect, because then the class didn't lose on the statute of limitations issue. But the individual plaintiff has lost. Yeah. And the Bosch case doesn't support summary judgment in this situation, where in the Crown Court case, as we explained in our brief, the Crown Court case, which is cited in Bosch, says that the statute of limitations is tolled until class certification is denied. So if the state court denial of class certification has any impact on this case, what happened was at that point the statute of limitations started running again. And our case was already on file, so obviously the statute is not going to run against that. And the class was already certified, so there was no reason for any class member to do anything when the class was denied in state court. But what the judge here in the district court ruled is that the denial of class certification retroactively wiped out the statute of limitations, wiped out the tolling, bringing it all the way back to square one, and the claims are untimely. And that's not supported by Bosch or any other case that the defendant cited, or that I am aware of. So if there aren't any other questions, I'd like to just reserve the rest of my time for rebuttal. Thank you. Thank you. Mr. Olber, good morning. Good afternoon, Your Honor. I'm sorry. May it please the Court. My name is Scott Olber. I represent Interstate MAT Corporation. And to touch on an issue that Judge Gallardo was just addressing in terms of the waiver argument, counsel indicated that there was no ambush here because there were no arguments put forth. Well, that would suggest to me that it's a total ambush here. Interstate MAT would suggest that the plaintiffs and the class have waived all of their arguments here by failing to oppose the summary judgment in any fashion, and only raising those arguments in connection with its motion to clarify or motion to reconsider the Court's order on the summary judgment. So as to the issues that they raise now in opposition to or in support of their appeal, I would suggest that those arguments are waived. But notwithstanding that, Your Honor, I would suggest that the substantive law suggests that their attempt at stacking class actions in this case is improper and is not what is allowed by the tolling rules that was set forth by the Supreme Court in American Pipe and Crown and Cork. Could you tell us your view of the judgment as it now stands? Is there a judgment against the class members? I would submit that there is, Your Honor. Were they ever given notice of the class action? Notice had not been issued. Then how could you bind class members if Rule 23 notice hadn't been given in a damage action? That was one of the issues that was raised in the motion that had been filed by the plaintiffs following the entry of summary judgment. In that motion, they specifically sought for the Court to decertify the class. The judge denied the motion in total. She didn't issue any memorandum of decision, so we don't know the basis for the decision. But as part of their motion for clarification and reconsideration following the summary judgment order, part of that request was to decertify the class, and the judge specifically denied that motion. Do you agree with me that in a damage action, each class member is entitled to individual notice unless individual notice can't be given for some reasons? Correct. That's the norm? Correct. And that's a constitutional due process right that they not be deprived of their cause of action without even knowing that it's going on? Well, they're deprived of their cause of actions here because the statute of limitations expired. Well, that's another way of saying the judgment is binding on them. They haven't had their day in court. Correct. So how can you say they're bound? I guess I'm getting it. Isn't that plain error to bind the class? I had kind of read the brief as suggesting you would just, as plaintiff's counsel just indicated, that it was an effective decertification of the class because of the denial of the notice request. And that I'm okay. But if you're saying that this wasn't an effective decertification, that this was actually a judgment against class members who had never been given notice in a 23B action, then isn't that plain error? No, you're right. Well, I would submit that whether it's been decertified or not, I would suggest it's unclear. But substantively, those claims of the class members in the federal action as opposed to the state court action, all those claims are barred by the statute of limitations because those claims aren't told. No court other than this one has ruled that. That's your position, that they're barred by the statute of limitations. Correct. Okay. The only court that has accepted your position with respect to these class members is this district court in this action. Correct. And it did so without telling the class members that they were even in a lawsuit. Correct. Isn't that plain error? No. I would submit that then, again, as to the decertification issue, I would suggest that that is unclear. And to the extent that it's implied based on the judge's ruling that it has been decertified, again, that would be unclear based on how the judge ruled, but notwithstanding that. Well, I sort of thought this was actually a pretty slam dunk action until I hear now that if we affirm you, you're going to go out here and claim that all these class members who had no idea that their rights were being adjudicated. As to the class representatives, Your Honor. No, I'm talking about the unnamed class members. The whole class. What is it, 8,000 of them? Correct. To the extent that, again, I guess it is unclear as to how the court ruled on the decertification issue. The judge, I don't think, expressly expressed an interest, but I would suggest to the extent that Your Honor is suggesting that there is a dispute that those class members did not receive notice, and to the extent that the judge ruled on the summary judgment as to the class members, those class members are representative of those claims. So I guess I'm not suggesting that it's necessarily binding on those class members in the sense that they weren't given notice. It is binding on the sense that they have the exact type of detection. Let's cut to the chase. If a class member, unnamed class member, sues your client tomorrow over this exact same claim, are you going to answer with a statute of limitations defense, or are you going to also answer with a res judicata defense? It would be based on the statute of limitations, Your Honor. And you're not going to assert any res judicata defense? In other words, you'll treat it as if there was a decertified class? Correct. Because that is exactly what the plaintiffs in this case are attempting to suggest, that their claims are told because of the filing of the state court action. That is not what the Supreme Court rulings provide, nor is it what the First Circuit provides. Where the plaintiffs had a state court action pending, the statute of limitations was told for any potential class members within that class. Any potential class members would need to wait until the state court action ruled on the class certification issue. If at that point the court denied the class certification, as it did in this case, the class members then would be free to file suit within the remaining statute of limitations to either file their own separate suit or file a motion to intervene in the underlying action. Here what the plaintiffs attempted to do was file an entirely new class action, or a putative class action with state court action ultimately was a motion relating to a motion to certify a class involving just the Massachusetts residents. Here in the federal court action, the plaintiffs sought to certify a class action for Massachusetts and non-Massachusetts residents. As to the non-Massachusetts residents, they wouldn't have been part of the original class and therefore tolling would not have applied to them. As to the Massachusetts residents who are part of the federal court action, their filing of the second class action in this court is not tolled because they've got the pending Massachusetts state court action and are required to wait for the court to rule on that motion. Again, should the court at that point deny class certification as it did, then they would be free to file their own actions or move to intervene. What the plaintiffs would have the court do here is to allow plaintiffs to file multiple class actions involving the same or overlapping classes. Taken to its extreme, the plaintiffs could file any number of class actions and then deal with deciding which court it deemed provided the best result to the class. And that's exactly what the courts are trying to avoid by using the class action mechanism. It's designed to actually prevent the additional motions to intervene and the additional suits from being filed either by individual class members or by additional class members. So for that purpose, for that purpose, Your Honor, unless you have any other questions, I would rest the remainder on my brief. Thank you. Thank you. Just a couple of points in rebuttal. The first is that because the judge decertified the class without notice, that does basically wipe out everybody's claims because nobody filed any claims and now the statute has run. So if anybody filed a case, they would argue, obviously, they just said they would argue statute of limitations. But they face that risk if the case just ended in ordinary course anyhow or if it got decertified or whatever. The class, you mean? Yes. Yeah, but if the court had required us to notify the class that it was decertified, then people would have known. American Pipe says that even though not everybody's watching the court file, the presumption is that the public's entitled to rely on what's happening. And so the reason people don't run around filing duplicative cases is because there's one file. Counsel, we're not here advocating for the ability to file 50 class actions that are the same thing and fall over and try to find the best judge or whatever, but that's not what happened here. What happened is we filed a class action in Massachusetts State Court on behalf of all persons who received these illegal faxes. And the defendant knew who they sent the faxes to, but we didn't until during the case we learned that it included people outside Massachusetts. And Massachusetts State Courts aren't allowed to certify classes that include people outside Massachusetts because their rules have been interpreted not to require or even allow opt-out notice, a notice with the right to opt out. So they exclude people from outside Massachusetts. So we had another person who was interested in filing the case who happened to be a Massachusetts resident. That person agrees to leave the Massachusetts State Court case, file a new class here on behalf of everybody as a way of bringing in the non-Massachusetts class members. And then the cases proceeded together. There was no skullduggery or anything, and federal court cases happen to move quicker than state court cases, and particularly in this instance. And, in fact, after the judge certified a class in this case, the parties reached an agreement to ask the state court to stay the case. But by the time the motion was about to be filed, the judge had already ruled. Let me ask you this. If you preserved your argument and if we were to accept it,  it would be a six-year statute, for example. You'd wait until five and a half years. You'd file class action one. That would go on for a year, maybe until you get close to a certification ruling. You could then, a year later, seven years out from the event, file class action two. And then one would drop by the wayside. You could just let it go, and two could go on for a year. You could then file class action three, a year out, eight years out, and so on, perpetually extending the statute of limitations, under your view, until you ran out of jurisdictions. And I think that that would be allowed. The only people whose time would be wasted is the courts. That's whose time would be wasted. Not the parties, because the defendant's defending the same class the whole time. They're on notice. The whole reason for a statute of limitations, obviously, is to protect against memory fading and everything. The claims aren't stale against this defendant. They know what's going on. Well, what about repose? Well, I mean, there is no statute of repose issue in this case. Under this, there's no repose, ever. Right. I mean, the way the Seventh Circuit explained this rule is that you get one ruling on class certification, and that's binding, basically, on everybody, whether it's collateral estoppel because of Sawyer or comedy because of the Smith v. Bayer case. But it's not unfair to – there's no real motivation. Why would I want to have 10 cases? I don't know of anybody who has done that. Why would I file a case and litigate it for a while and then say, okay, now let's go do that? There's nothing more fun about it. People don't do it because they're worried about the statute of limitations. Otherwise, if things look like they're going south for you in the first court, you hop into a second court. The statute of limitations prevents you from doing that forum shot. But courts would allow that. What we could have done, and I don't know that they would have had as strong of an argument, is we could have just non-suited the first case. We could have said, the first plaintiff has declared himself inadequate. He's not going to represent the class. And then file a second case, and everybody, including Judge Easterbrook on the Seventh Circuit, would say, that's fine. That kind of thing happens. Somebody agrees to file a case, then they don't want to be the class rep, and you have to file another case. And a similar kind of thing happened. Nobody's trying to game the system here. What we should have done is dismissed the state court case, and we didn't when we filed this case. Or we should have moved to stay a lot quicker, whether or not the other side agreed, and we didn't. And then we should have filed our brief, and we didn't. We are here today because of those things, but nevertheless, we're here asking for you to reverse the decision. Thank you. Thank you.